The opinion of the Court was delivered by
Johnston, Ch.
The only grounds of appeal insisted on are the first ground of Mr. Smith, in relation to dower, and the four grounds made by Mr. Williams.
It seems to me nothing need be said in support of what is *519 said by the commissioner and the chancellor on the first point.
On tbe other gronnds, the doctrine is -well established in this State, that in a conflict between copartnership creditors and private creditors of one of the copartners, the private creditors have a right to compel the copartnership creditors to exhaust the joint assets before seeking a remedy out of the individual estate of the partners.
It seems equally established in the case of Morton & Courteney vs. Caldwell,(a) the last and leading case on the subject, where the point was elaborately considered, with especial reference to principles, that demands are presentable against the estate of an intestate, in the precise condition in which' they existed at his death, and subsequent payments do not affect this principle. It follows, necessarily, from this position that the demands of the two Charleston houses and, also, the demand of the firm of which McConnell was a member, are provable against his estate for their full amount, as they stood against him when he died. The creditor of a firm is also a creditor of each partner to the full amount of his demand; and would be entitled to take his remedy against the partner but for the opposing equity of his private creditors, who may compel him to resort for his remedy, in the first instance to the partnership assets. But his debt in the meantime is the debt of the individual partner, no less than if there were in fact no partnership assets, and he had not this double resort, and he is entitled to be considered his creditor for such pro rata as his assets would have paid. When it is said he is entitled to come against the private estate of the partner for such balance as may be left after he has exhausted the partnership funds, the meaning is, not that his demand against the private estate is only for that balance, but that his remedy is limited to it.
*520 The partnership is no less entitled to prove against the individual partner’s estate, for any debt he owes the firm than any other of his creditors. It is very clear that the sums which McConnell drew from the Charleston Houses, by using the name of his firm, were partnership assets, chargeable to his private account with the firm: and that the firm were entitled to prove against his estate for these as well as any other debt he owed them.
Ye have, then, in this case, two or more creditors (the Charleston creditors, and McConnell’s own firm,) entitled each to prove the fall amount of their debts against his estate, and to have their pro rata declared. The amount allowed to McConnell & Miller is partnership assets, and passes under the assignment of the surviving partner, according to its terms. The portion to which the Charleston houses are entitled under the assignment, is to be added to what they have already received out of the joint assets, and (to avoid a double payment,) transferred to and deducted from their entire demands, respectively. If by this process there is still left to them a balance equal to or beyond their pro rata portions as creditors of Me Connell’s estate, they are then entitled to receive their whole pro rata. If their balance is reduced below their pro rata, the amount to which the joint assets, thus applied, have reduced it below that pro rata, displaces assets of the private estate, which would otherwise have been applicable to the demands of these parties: which assets fall back into the estate, for the benefit of his other creditors.
It is ordered that the decree be modified according to this opinion, and that the report be recommitted.
DARGAN and Wardlaw, CO., concurred.
Dunkin, Ch., absent at the hearing.

Decree modified.

 3 Strob.^Eq. 161.